**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
RAHUL SARAF, individually and on behalf of
all others similarly situated,

                Plaintiff,

    -against-                                      21 **CIVIL** 1589 (JMF)

                                                                           **<u>JUDGMENT</u>**

EBIX, INC. et al.,

                Defendants.
-----------------------------------------------------------X

      It is hereby **ORDERED, ADJUDGED AND DECREED:** That for the reasons stated in the Court's Opinion and Order dated July 17, 2023, in short, even with his amendments (and proposed sur-reply), Saraf still "fails to point to any document, report, or oral statement showing that the Individual Defendants knew at the time that their statements regarding the effectiveness of Ebix's internal control were false or misleading." Saraf I, 2022 WL 4622676, at *5. It follows that Saraf does not adequately plead scienter as to any Defendant and that all of his claims fail as a matter of law. See id. at *7. Thus, Defendants' motion to dismiss must be and is GRANTED. The Court has denied leave to amend. Leave to amend a complaint should be freely given "when justice so requires," Fed. R. Civ. P. 15(a)(2), and complaints dismissed under the PSLRA "are almost always dismissed with leave to amend," Pasternack v. Shrader, 863 F.3d 162, 175 (2d Cir. 2017) (internal quotation marks omitted). That said, "[w]here it appears that granting leave to amend is unlikely to be productive,... it is not an abuse of discretion to deny leave to amend." Ruffolo v. Oppenheimer & Co., 987 F.2d 129, 131 (2d Cir. 1993). Saraf has now had three opportunities to amend, see ECF Nos. 54, 62, 72, and the Court explicitly

cautioned in Saraf I that Saraf's third opportunity to amend would be his "final chance," Saraf I, 2022 WL 4622676, at *7. Moreover, beyond this third and final chance to amend the complaint, the Court granted Saraf leave to file a sur-reply containing additional facts. And on top of that, Saraf fails to identify any facts in his possession that would cure the defects discussed above. In light of the foregoing, the Court concludes that any amendment would be futile. See, e.g., Roundtree v. NYC, No. 19-CV-2475 (JMF), 2021 WL 1667193, at *6 (S.D.N.Y. Apr. 28, 2021) (citing cases). One final housekeeping matter remains. Under the PSLRA, the Court is required to "include in the record specific findings regarding compliance by each party and each attorney representing any party with each requirement of Rule 11(b) of the Federal Rules of Civil Procedure as to any complaint, responsive pleading, or dispositive motion." 15 U.S.C. § 78u-4(c)(1). Because all legal claims and defenses presented throughout this litigation were nonfrivolous under existing law and all factual contentions had evidentiary support or were reasonably based on belief or a lack of information, no sanctions under Rule 11 are warranted; accordingly, the case is closed.

**Dated:**  New York, New York

      July 17, 2023

**RUBY J. KRAJICK**

**Clerk of Court**

**BY:** *K. Mango*

**Deputy Clerk**